IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LINDA SARSOUR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:17cv00120 (AJT/IDD) |
| ) | |
| DAWUD WALID, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On February 28, 2017, Vincent A. Molino, pro se, filed a "Motion to Intervene Pursuant to F.R.C.P. 24" [Doc. No. 8] (the "Motion"). The movant claims to file his Motion on behalf of "People of the United States of America in Support of Defendants" and calls himself a "Next Friend Intervenor – Defendants on behalf of themselves and others similarly situated."

"On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (emphasis added). "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." *Id.* 24(b) (emphasis added).

Upon review of the Complaint [Doc. No. 1] and the motion to intervene, the Court concludes that a hearing would not aid in the decisional process and that the Motion must be

denied at this point. The Motion provides no basis for this Court to join additional parties either as of right or on a discretionary basis. Mr. Molino claims that he is "the impartial *'4th branch'* of government overseeing the 3 common branches with the power vested in [him] to become a major deciding factor in replacing immoral and deceptive politicians from office" and that, in that regard, he proposes representing a class of the "46.2% of the popular vote secured by President Trump in the 2016 election in addition to the estimated relatively small percentage that did not vote for him but trust in the Elected Presedetns [sic] ability." Mr. Molino also describes, *inter alia*, what he perceives to be the media's bias against President Trump, a history of terrorist attacks and what he perceives to be failed policies of the United States to counter terrorism, and an argument for why it would not be "constructive" to add North Korea to the "ban on countries."

In order to have standing to intervene, a movant must have a "personal stake" which "enables a complainant authoritatively to present to a court a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance" and not merely "an interest . . . which is held in common by all members of the public." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220-21 (1974). The movant has articulated general support for President Trump's executive order at issue in this litigation which he claims is shared by a large proportion of the population, but he has no particularized interest that cannot be adequately represented by the parties presently involved. Even after construing the Motion liberally because of the movant's pro se status, it does not allege any facts that make plausible any cognizable interest in the above captioned matter. For these reasons, it is hereby

ORDERED that the Motion [Doc. No. 8] be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record and to mail a copy to Mr. Molino at the address listed on his Motion.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 3, 2017

3