UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LINDA SARSOUR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 1:17-cv-00120(AJT/IDD) |
| ) | |
| DONALD J. TRUMP, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT MOTION TO STAY PROCEEDINGS

Pursuant to this Court's inherent authority, the parties, through the undersigned counsel, hereby respectfully submit this joint motion to stay the proceedings in the above-captioned action. The grounds for this motion are as follows:

1. After this Court concluded that their Amended Complaint was moot, *see* ECF No. 47, plaintiffs filed a (Second) Amended Complaint on December 26, 2017, that challenges Presidential Proclamation No. 9645, *Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats* ("Proclamation"), *see* ECF No. 48.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(3), defendants' response to the Second Amended Complaint is currently due on January 9, 2018.

3. In other litigation challenging the Proclamation, two district courts entered nationwide preliminary injunctions barring the enforcement of some of the Proclamation's entry restrictions. In *International Refugee Assistance Project v. Trump*, the United States District Court for the District of Maryland enjoined implementation of Section 2 of the Proclamation,

except as to nationals of Venezuela or North Korea or persons without a credible claim of a bona fide relationship with a person or entity in the United States. *See Int'l Refugee Assistance Project (IRAP) v. Trump*, 2017 WL 4674314 (D. Md. Oct. 17, 2017), *appeal docketed*, Nos. 17-2231(L), 17-2232, 17-2233, 17-2240 (4th Cir. Oct. 20, 2017). An appeal in that action is presently pending before the United States Court of Appeals for the Fourth Circuit, where the *en banc* court heard argument on December 8, 2017. In *Hawaii v. Trump*, the United States District Court for the District of Hawaii enjoined implementation of Section 2 of the Proclamation, except as to nationals of Venezuela or North Korea. *See* Preliminary Injunction, *Hawaii v. Trump*, No. 1:17-cv-00050-DKW-KSC, ECF No. 390 (D. Haw. Oct. 20, 2017), *aff'd in part, vacated in part*, 2017 WL 6554184 (9th Cir. Dec. 22, 2017); *see also Hawaii v. Trump*, 2017 WL 4639560 (D. Haw. Oct. 17, 2017). The government also appealed in that case and, on December 22, 2017, the Ninth Circuit affirmed the district court's preliminary injunction, except as to foreign nationals without a credible claim of a bona fide relationship with a person or entity in the United States. *See Hawaii*, 2017 WL 6554184. The Supreme Court has stayed the preliminary injunctions entered in both cases pending disposition of the government's appeals in the courts of appeals and any subsequent proceedings in the Supreme Court. *See Trump v. IRAP*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017); *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017).

4. The parties agree that further proceedings in this Court are likely to be shaped by resolution of the appeals in *IRAP* and *Hawaii*. They therefore respectfully request that the Court stay further proceedings in this case pending final disposition of all appellate proceedings in *IRAP* and *Hawaii*.

5. "A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and for litigants.'" *Hawley v. Johnson & Johnson*, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, a court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Sehler v. Prospect Mortg., LLC*, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (internal quotation marks omitted*); see also Hawley*, 2011 WL 7946243, at *1 ("When determining whether a stay is appropriate, a district court must 'weigh competing interests and maintain an even balance.'" (quoting *Landis*, 299 U.S. at 255)). In general, the decision of whether to stay a case "lies within the sound discretion" of the court. *See Fisher v. United States*, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013).

6. Here, all of the factors articulated in *Sehler* weigh in favor of a stay. Because this motion is submitted jointly by the parties, there is no potential prejudice to either party if the stay is granted. In the interests of judicial economy, a stay would avoid the unnecessary and burdensome expenditure of the parties' and this Court's resources that would be required to adjudicate both the jurisdictional and merits issues presented in this action. Moreover, no hearings have been scheduled in this action, and there are no pending deadlines (other than defendants' response to the Second Amended Complaint); therefore, a stay would not affect any current proceedings in this Court.

7. This joint motion is being filed in lieu of a motion to dismiss (or a responsive pleading), which presently is due on January 9, 2018. Should this Court deny the motion,

defendants respectfully request that they be permitted to file their response to the Second Amended Complaint within fourteen (14) days of this Court entering such a denial.

8. A proposed Order is provided for the convenience of the Court.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Gadeir Abbas | Dennis C. Barghaan, Jr. |
| 453 New Jersey Ave, SE | Assistant U.S. Attorney |
| Washington, DC 20003 | 2100 Jamieson Avenue |
| Tel: 720.251.0425 | Alexandria, Virginia 22314 |
| Fax: 202.488.0833 | Tel: (703) 299-3891 |
| Email: gabbas@cair.com | Fax: (703) 299-3983 |
| licensed in VA; not in DC | Email: dennis.barghaan@usdoj.gov |
| practice limited to federal matters | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |
| Date: January 5, 2018 | Date: January 5, 2018 |